**Opinion issued November 20, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-13-01022-CR

———————————

**STEVE LEE DORSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1249910**

### MEMORANDUM OPINION

Without a sentencing recommendation from the State, Appellant pleaded

guilty to the offense of aggravated robbery.[1]   Following the preparation of a

---

[1]   *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

presentence investigation ("PSI") report, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court found Appellant guilty of the aggravated-robbery offense, and sentenced him to 25 years in prison. The trial court also made a deadly-weapon finding in the judgment, indicating that Appellant had used a firearm in the commission of the offense. In one issue on appeal, Appellant complains that the State's closing argument improperly influenced the trial court's imposition of Appellant's sentence.

We affirm.

## Background

At Appellant's sentencing hearing, the State did not introduce any testimony or other evidence. Instead, it relied on the PSI report.

Appellant and his mother testified in his defense at the hearing. They both stated that Appellant, who was 20 years old at the time of the hearing, was 16 years old at the time he committed the aggravated robbery. They testified that, at the time of the robbery, Appellant's family had been unable to afford medication that Appellant had been prescribed for a psychiatric condition. They both claimed that, when he does not take his medication, Appellant is easily influenced by others to do things that he should not do. Appellant and his mother indicated he was influenced by his co-defendant to commit the aggravated-robbery offense. In this

2

regard, Appellant referred to himself as a "victim." Appellant also emphasized that it was his co-defendant, and not him, who held the gun during the robbery.

Appellant acknowledged that he had been "incarcerated as a juvenile" for committing assault. He also testified that, while out on bond for the instant offense, he had been charged with the offenses of possession of cocaine and unlawfully carrying a weapon, which he stated was a gun.

Despite his troubled past, Appellant told the trial court that he planned to go to school to obtain his GED and to find work doing construction. In his closing argument, Appellant's counsel restated Appellant's testimony and requested that Appellant be placed on community supervision.

In its closing, the State pointed out that Appellant had been in repeated trouble with the law, including while he was out on bond in this case. The prosecutor also pointed to the PSI report, which, according to the prosecutor, indicated that Appellant had been more violent than his co-defendant during the robbery. The complainant had indicated that Appellant had repeatedly threatened to kill him during the robbery. It was in this context that the prosecutor made the following statement during closing argument:

> It's not [his co-defendant's] fault. And, as much as defense counsel is trying to portray [Appellant's] co-defendant as the bad, older man, [the co-defendant's] date of birth is September 8, 1992. This defendant's date of birth is December 29, 1992. At some point he has to be held accountable for his choices and his actions. And, I would ask the Court to do that, knowing that his co-defendant for the same

3

offense, without picking up any additional charges, was sentenced to 25 years by this Court back in 2011. I would ask the Court to assess 30 years in this case for this defendant.

At that point, the trial court ruled: "Steve Dorsey Jr., on your plea of guilty and the evidence introduced herein, the Court finds you guilty of the offense of aggravated robbery and assesses your punishment at 25 years' confinement in the Texas Department of Corrections."[2]

### No Objection to State's Argument

In his sole issue, Appellant complains of the State's remark during closing argument in which the prosecutor stated that the trial court had sentenced Appellant's co-defendant to 25 years in prison for the same offense. Appellant points out that immediately following this statement, the trial court sentenced Appellant to 25 years in prison. He asserts that this shows that the trial court was improperly influenced by the State's argument.

In his brief, Appellant concedes that he did not object to the State's argument. And, he acknowledges that, to preserve a complaint for appellate review, Rule of Appellate Procedure 33.1 requires a party to make a specific and timely request, motion, or objection to the trial court and, further, to obtain an

---

[2] The offense of aggravated robbery is a first-degree felony. TEX. PENAL CODE ANN. § 29.03(b). The punishment range for a first-degree felony is imprisonment for five to ninety-nine years or confinement for life; the fact finder may also impose fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2011).

4

adverse ruling.  *See* TEX. R. APP. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).  Nonetheless, Appellant asserts as follows:

> [T]he lack of an objection to the prosecutor's improper argument should not deter this Court from analyzing appellant's point for review.  Unlike an objection to improper argument at a jury trial where the trial court can instruct the jury to disregard the improper argument, in a court trial such as appellant's, there is no one to whom the judge needs to give an instruction to disregard.  Appellant also contends that an exception to the general rule requiring an objection exists in appellant's case because the prosecutor's improper argument so infected the punishment phase of appellant's case with unfairness that it denied appellant due process and hereby violated his 14th Amendment rights.

The Court of Criminal Appeals has emphasized that a defendant must preserve a complaint that the State's closing argument was improper.  *See Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010) ("[W]e will not review the propriety of the prosecutor's arguments, as appellant failed to object to those arguments at trial.  He has failed to preserve any issue for appeal."); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) ("Because appellant failed to object to the jury argument, he has forfeited his right to raise the issue on appeal."); *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002) ("Appellant failed to object at trial to the prosecutor's arguments, however, and therefore forfeited his right to complain about this issue on appeal.").  Courts have applied this rule to bench trials.  *See, e.g., Parker v. State*, No. 02–11–00032–CR, 2011 WL 5984539, at *2–3 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated

5

for publication) (holding that, in a bench trial, by failing to object to prosecutor's closing arguments at the time they were made, appellant forfeited any potential error for appellate review).

Appellant asserts that making an objection to the remark served no useful purpose here because this was a bench trial; thus, there was no jury to instruct to disregard the State's argument. However, even accepting this reasoning, appellant was still required to object and request a mistrial. *See Mathis*, 67 S.W.3d at 927 (reaffirming rule that, even if jury argument error could not be cured by instruction, defendant is still required to object and request mistrial).

Moreover, Appellant's objection to the remark may have served the useful purpose of making the trial court aware of Appellant's complaint at a time when the trial court could have ruled on the issue. Rule 33.1's requirement that a party must make a timely, specific objection and obtain an adverse ruling serves two main purposes: (1) to inform the trial court of the objection and give the trial court an opportunity to rule on it, and (2) to give opposing counsel the opportunity to take appropriate action in response. *See Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 33.1(a).

We also reject Appellant's assertion that he was not required to object to the State's remark because it violated his due-process rights. Appellant appears to confuse constitutional rights with systemic requirements or waivable-only rights,

for which no objection is required to preserve error. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (holding that Rule 33.1 "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal").

Numerous constitutional rights, including those that implicate a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved. *See Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009) (rejecting "due process" exception to error preservation requirement); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding errors based on the constitutional rights to confrontation and due process may be waived by failure to object at trial). Thus, Appellant has forfeited any due-process challenge that he had regarding the effect of the State's argument on his sentence.

We hold that Appellant has not preserved for appellate review his complaint regarding the State's closing argument and any possible effect it may have had on the trial court's sentencing of him. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).