# PD-1667-14

PD-1667-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2014 11:53:33 AM
Accepted 12/29/2014 1:21:59 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

NO. 01-13-01022-CR

IN THE COURT OF APPEALS FOR THE

FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

AT HOUSTON

TRIAL COURT NO. 1249910

IN THE 209TH DISTRICT COURT

OF HARRIS COUNTY TEXAS

STEVEN LEE DORSEY, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
(832) 603-1330
SBOT 09709800
Attorney for Appellant
chashinton@sbcglobal.net

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Page:

Statement Regarding Oral Argument     i

Index of Authorities     i

Statement of the Case     1

Statement of Procedural History     1

Question for Review Number One     1

**WHETHER A PROSECUTOR'S CLOSING ARGUMENT AT THE PUNISHMENT PHASE OF A PRE-SENTENCE INVESTIGATION HEARING MAY INFECT THE TRIAL COURT'S PUNISHMENT ASSESSMENT WITH SUCH UNFAIRNESS THAT AN APPELLATE COURT MAY ANALYZE A DENIAL OF DUE PROCESS CLAIM EVEN IN THE ABSENCE OF AN OBJECTION?**

Argument     1

Prayer for Relief     7

Certificate of Service     7

Certificate of Compliance     8

Appendix

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4, appellant waives oral argument.

# INDEX OF AUTHORITIES

Cases:                                                                                      Page:

**Andersen v. State,**
301 S.W.3d 276 (Tex. Crim. App. 2009)                                                       3

**Dorsey v. State,**
NO. 01-13-01022-CR (Tex. App. -- Houston [1st Dist.] 2014,
non-published memorandum op.)                                                               2, 4

**Dunbar v. State,**
297 S.W.3d 777 (Tex. Crim. App. 2009)                                                       2

**Garza v. State,**
126 S.W.3d 79 (Tex. Crim. App. 2004)                                                        4

**Kelly v. State,**
321 S.W.3d 583 (Tex. App. -- Houston [14th Dist.] 2010)                                     5

**Miller v. State,**
741 S.W.2d 382 (Tex. Crim. App. 1987)                                                       4, 5

**Torres v. State,**
92 S.W.3d 911 (Tex. App. -- Houston [14th Dist.] 2002)                                      5

Rules:

TEX. R. APP. PROC. 33.1                                                                      2, 3

# INDEX OF AUTHORITIES (cont'd)

Page:

Constitutions

TEX. CONST. art. 1, sec. 10                    6

TEX. CONST. art. I, sec. 19                    6

U.S. CONST. amendment 6th                      6

U.S. CONST. amendment 14th                     6

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

On July 15, 2013, Appellant pled guilty to aggravated robbery. On November8, 2013, after a hearing, the trial court assessed punishment at 25 years in prison (CR I: 81).

## STATEMENT OF PROCEDURAL HISTORY

On November 20, 2014, the 1st Court of Appeals issued a non-published memorandum opinion affirming appellant's conviction. No motion for rehearing was filed. Appellant now petitions for discretionary review.

## QUESTION FOR REVIEW NUMBER ONE

**WHETHER A PROSECUTOR'S CLOSING ARGUMENT AT THE PUNISHMENT PHASE OF A PRE-SENTENCE INVESTIGATION HEARING MAY INFECT THE TRIAL COURT'S PUNISHMENT ASSESSMENT WITH SUCH UNFAIRNESS THAT AN APPELLATE COURT MAY ANALYZE A DENIAL OF DUE PROCESS CLAIM EVEN IN THE ABSENCE OF AN OBJECTION (RR I: 35-36)?**

## ARGUMENT

The First Court of Appeals, in affirming the judgment in appellant's case, held "that Appellant has not preserved for appellate review his complaint

1

regarding the State's closing argument and any possible effect it may have had on the trial court's sentencing of him." **Dorsey v. State**, No. 01-13-01022-CR (Tex. App. -- Houston [1st Dist.] 2014, non-published memorandum op.) at p. 7.

In its opinion, id., at p. 7, the First Court of Appeals cited this Court of Criminal Appeals' decision in **Dunbar v. State**, 297 S.W.3d 777 (Tex. Crim. App. 2009).

> "Rule 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a specific and timely request, objection, or motion. *See Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (discussing Rule 33.1) But Rule 33.1 does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)." Id., at 780.

Appellant agrees that the First Court of Appeals correctly set forth the

2

applicable law concerning waivable only rights and absolute systemic requirements in the context of the lack of an objection to the prosecutor's complained of punishment argument to the trial court in appellant's case. However, appellant disagrees with the First Court of Appeals' holding that clearly implies that no due process violation can ever qualify as an exception to the error preservation requirement set out in TEX. R. APP. PROC. 33.1.

This Court of Criminal Appeals, in **Andersen v. State**, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) stated:

"In *Marin*, we identified three distinct types of rules involved in our adversarial judicial system: (1) absolute requirements and prohibitions; (2) rights of litigants that must be implemented by the system unless expressly waived; and (3) rights of litigants that are to be implemented upon request. An absolute requirement, also known as "systemic re-quirement," is a rule or law that a trial court must follow even if the parties wish otherwise. Waivable rights "are not extinguished by in-action alone." A defendant must expressly relinquish them. All other complaints, whether constitutional, statutory, or otherwise, are sub-ject to forfeiture, and fall into the third category."

3

The First Court of Appeals cited this Court of Criminal Appeals opinion in *Andersen*, id. at 280 for the proposition that, "Numerous constitutional rights, including those that implicate a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved. **Dorsey**, supra, at p. 7.

Appellant contends that the language that " ... a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved.", id., at p.7 and *Andersen*, supra, at 280, clearly imply that there are exceptional instances where the prosecutor's argument results in such unfairness that the error is preserved even though no objection was made. **Miller v. State**, 741 S.W.2d 382, 391 (Tex. Crim. App. 1987).

Appellant concedes that, at a bench trial such as his, the judge is presumed to disregard the inadmissible evidence if the judge is called upon to decide the merits of the case. **Garza v. State**, 126 S.W.3d 79, 83 (Tex. Crim. App. 2004). However, in appellant's care, the appellate record plainly shows that the trial judge did not disregard the prosecutor's argument concerning the co-defendant's sentence.

(RR 1: 35):

MS BUESS: "At some point he has to be held accountable for his

4

choices and actions. And, I would ask the Court to do that, knowing that, knowing that his co-defendant for the same offense, without picking up any additional charges, was sentenced to 25 years by this Court in 2011. I would ask the Court to assess 30 years in this case for this defendant."

(RR 1: 36):

THE COURT: "Thank you, Allison. Mr. Dorsey, please stand up.

(Defendant complies.)

THE COURT: "Steve Dorsey, Jr., on your plea of guilty and the evidence introduced herein, the Court finds you guilty and assesses your punishment at 25 years confinement in the Texas Department of Corrections."

There is no doubt that the prosecutor's argument that deliberately reminded the trial court that he had sentenced appellant's co-defendant to 25 years in prison was improper. The disposition of a defendant's case is not admissible in the trial of a co-defendant. **Kelly v. State**, 321 S.W.3d 583, 595 (Tex. App. -- Houston [14th Dist.] 2010); **Miller**, supra, at 389; **Torres v. State**, 92 S.W.3d 911 (Tex. App. -- Houston [14th Dist.] 2002).

The Court of Appeals in *Torres*, id. at 921, stated that "Thus, it is the law's

5

objective to assess a reasoned, rational, and just punishment that fits the crime and the offender."

Appellant contends that the only reasonable deduction that can be made, based on the appellate record that reflects the trial court assessing appellant's punishment at 25 years confinement immediately after the prosecutor made her improper punishment argument, is that the trial court assessed the punishment at 25 years due to the fact that he also assessed the co-defendant's punishment at 25 years. The reason for the exact same sentences is just too coincidental to be otherwise explained.

If, as the Court of Appeals in *Torres*, id., at 921. also stated, " ... the Sixth Amendment of the United States Constitution and article I, sec. 10 of the Texas Constitution guarantee the accused the right to a fair trial ...." and if the appellate record plainly presents a situation in which the trial court's punishment assessment was so unfairly infected by an improper prosecution punishment argument as to be a denial of an appellant's 14th Amendment federal due process and his Art. I, sec. 19 Texas state due course of law rights, should not an appellate court be required to address the issue raised in such a exceptional and narrow instance even where no objection to the improper argument was lodged?

6

Appellant contends that the Court of Appeals erred in appellant's case by not so doing.

## PRAYER FOR RELIEF

Appellant prays that this Court grant his petition for discretionary review; set this case for submission; and that, after submission, reverse the judgment of the Court of Appeals and remand the case for further proceedings. TEX. R. APP. PROC. 78.1 (d).

Respectfully submitted,

__/s/Charles Hinton_____
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of appellant's petition has been sent through the e-file system to the following parties:

Alan Curry
Chief Prosecutor
Harris County District Attorney's Office
1201 Franklin, Ste. 600
Houston, Texas 77002-1923

7

State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, Texas 78711

__/s/Charles Hinton_____
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

## PURSUANT TO TEX. R. APP. PROC. 9.4(i)(3)

Appellant's counsel certifies that the word count of this document is 1480.

__/s/Charles Hinton_____
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-13-01022-CR

STEVE LEE DORSEY, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 209th District Court of Harris County.   (Tr. Ct. No. 1249910).

This case is an appeal from the final judgment signed by the trial court on November 8, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered November 20, 2014.

Panel consists of Justices Higley, Bland, and Sharp. Opinion delivered by Justice Higley.



In The

# Court of Appeals

For The

## First District of Texas

_____

NO. 01-13-01022-CR

_____

STEVE LEE DORSEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1249910

---

## MEMORANDUM OPINION

Without a sentencing recommendation from the State, Appellant pleaded guilty to the offense of aggravated robbery.[1]  Following the preparation of a

---

[1]     See TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

presentence investigation ("PSI") report, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court found Appellant guilty of the aggravated-robbery offense, and sentenced him to 25 years in prison. The trial court also made a deadly-weapon finding in the judgment, indicating that Appellant had used a firearm in the commission of the offense. In one issue on appeal, Appellant complains that the State's closing argument improperly influenced the trial court's imposition of Appellant's sentence.

We affirm.

## Background

At Appellant's sentencing hearing, the State did not introduce any testimony or other evidence. Instead, it relied on the PSI report.

Appellant and his mother testified in his defense at the hearing. They both stated that Appellant, who was 20 years old at the time of the hearing, was 16 years old at the time he committed the aggravated robbery. They testified that, at the time of the robbery, Appellant's family had been unable to afford medication that Appellant had been prescribed for a psychiatric condition. They both claimed that, when he does not take his medication, Appellant is easily influenced by others to do things that he should not do. Appellant and his mother indicated he was influenced by his co-defendant to commit the aggravated-robbery offense. In this

2

regard, Appellant referred to himself as a "victim." Appellant also emphasized that it was his co-defendant, and not him, who held the gun during the robbery.

Appellant acknowledged that he had been "incarcerated as a juvenile" for committing assault. He also testified that, while out on bond for the instant offense, he had been charged with the offenses of possession of cocaine and unlawfully carrying a weapon, which he stated was a gun.

Despite his troubled past, Appellant told the trial court that he planned to go to school to obtain his GED and to find work doing construction. In his closing argument, Appellant's counsel restated Appellant's testimony and requested that Appellant be placed on community supervision.

In its closing, the State pointed out that Appellant had been in repeated trouble with the law, including while he was out on bond in this case. The prosecutor also pointed to the PSI report, which, according to the prosecutor, indicated that Appellant had been more violent than his co-defendant during the robbery. The complainant had indicated that Appellant had repeatedly threatened to kill him during the robbery. It was in this context that the prosecutor made the following statement during closing argument:

> It's not [his co-defendant's] fault. And, as much as defense counsel is trying to portray [Appellant's] co-defendant as the bad, older man, [the co-defendant's] date of birth is September 8, 1992. This defendant's date of birth is December 29, 1992. At some point he has to be held accountable for his choices and his actions. And, I would ask the Court to do that, knowing that his co-defendant for the same

offense, without picking up any additional charges, was sentenced to 25 years by this Court back in 2011. I would ask the Court to assess 30 years in this case for this defendant.

At that point, the trial court ruled: "Steve Dorsey Jr., on your plea of guilty and the evidence introduced herein, the Court finds you guilty of the offense of aggravated robbery and assesses your punishment at 25 years' confinement in the Texas Department of Corrections."[2]

## No Objection to State's Argument

In his sole issue, Appellant complains of the State's remark during closing argument in which the prosecutor stated that the trial court had sentenced Appellant's co-defendant to 25 years in prison for the same offense. Appellant points out that immediately following this statement, the trial court sentenced Appellant to 25 years in prison. He asserts that this shows that the trial court was improperly influenced by the State's argument.

In his brief, Appellant concedes that he did not object to the State's argument. And, he acknowledges that, to preserve a complaint for appellate review, Rule of Appellate Procedure 33.1 requires a party to make a specific and timely request, motion, or objection to the trial court and, further, to obtain an

---

[2] The offense of aggravated robbery is a first-degree felony. TEX. PENAL CODE ANN. § 29.03(b). The punishment range for a first-degree felony is imprisonment for five to ninety-nine years or confinement for life; the fact finder may also impose fine of up to $10,000. See TEX. PENAL CODE ANN. § 12.32 (Vernon 2011).

adverse ruling. *See* TEX. R. APP. P. 33.1(a); *Pena v. State,* 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Nonetheless, Appellant asserts as follows:

> [T]he lack of an objection to the prosecutor's improper argument should not deter this Court from analyzing appellant's point for review. Unlike an objection to improper argument at a jury trial where the trial court can instruct the jury to disregard the improper argument, in a court trial such as appellant's, there is no one to whom the judge needs to give an instruction to disregard. Appellant also contends that an exception to the general rule requiring an objection exists in appellant's case because the prosecutor's improper argument so infected the punishment phase of appellant's case with unfairness that it denied appellant due process and hereby violated his 14th Amendment rights.

The Court of Criminal Appeals has emphasized that a defendant must preserve a complaint that the State's closing argument was improper. *See Mays v. State,* 318 S.W.3d 368, 394 (Tex. Crim. App. 2010) ("[W]e will not review the propriety of the prosecutor's arguments, as appellant failed to object to those arguments at trial. He has failed to preserve any issue for appeal."); *Threadgill v. State,* 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) ("Because appellant failed to object to the jury argument, he has forfeited his right to raise the issue on appeal."); *Mathis v. State,* 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002) ("Appellant failed to object at trial to the prosecutor's arguments, however, and therefore forfeited his right to complain about this issue on appeal."). Courts have applied this rule to bench trials. *See, e.g., Parker v. State,* No. 02–11–00032–CR, 2011 WL 5984539, at *2–3 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated

5

for publication) (holding that, in a bench trial, by failing to object to prosecutor's closing arguments at the time they were made, appellant forfeited any potential error for appellate review).

Appellant asserts that making an objection to the remark served no useful purpose here because this was a bench trial; thus, there was no jury to instruct to disregard the State's argument. However, even accepting this reasoning, appellant was still required to object and request a mistrial. *See Mathis*, 67 S.W.3d at 927 (reaffirming rule that, even if jury argument error could not be cured by instruction, defendant is still required to object and request mistrial).

Moreover, Appellant's objection to the remark may have served the useful purpose of making the trial court aware of Appellant's complaint at a time when the trial court could have ruled on the issue. Rule 33.1's requirement that a party must make a timely, specific objection and obtain an adverse ruling serves two main purposes: (1) to inform the trial court of the objection and give the trial court an opportunity to rule on it, and (2) to give opposing counsel the opportunity to take appropriate action in response. *See Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 33.1(a).

We also reject Appellant's assertion that he was not required to object to the State's remark because it violated his due-process rights. Appellant appears to confuse constitutional rights with systemic requirements or waivable-only rights,

for which no objection is required to preserve error. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (holding that Rule 33.1 "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal").

Numerous constitutional rights, including those that implicate a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved. *See Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009) (rejecting "due process" exception to error preservation requirement); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding errors based on the constitutional rights to confrontation and due process may be waived by failure to object at trial). Thus, Appellant has forfeited any due-process challenge that he had regarding the effect of the State's argument on his sentence.

We hold that Appellant has not preserved for appellate review his complaint regarding the State's closing argument and any possible effect it may have had on the trial court's sentencing of him. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

8