

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1713-08

**THE STATE OF TEXAS**

**v.**

**WENDY R. DUNBAR, Appellee**

**ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
IN CAUSE NO. 09-08-00104-CR FROM THE NINTH COURT OF APPEALS
MONTGOMERY COUNTY**

**HOLCOMB, J., delivered the opinion of the unanimous Court.**

The court of appeals held that the State was not barred from complaining for the first time

on appeal that the trial court lacked jurisdiction to place appellee Wendy R. Dunbar on shock

community supervision. We affirm.

On August 7, 1996, a Montgomery County grand jury returned an indictment charging

Dunbar with the felony offense of indecency with a child. *See* Tex. Pen. Code § 21.11. On June 6,

1997, Dunbar pled nolo contendere to the charge. On that same date, the trial court deferred

adjudication of Dunbar's guilt and placed her on community supervision for a period of ten years.

On April 18, 2007, the State filed a motion to adjudicate Dunbar's guilt. In its motion, the State alleged that Dunbar had violated several terms of her community supervision. On May 17, 2007, the trial court held a hearing on the State's motion. At that hearing, Dunbar pled "true" to five of the allegations in the State's motion. On September 5, 2007, the trial court adjudicated Dunbar guilty of indecency with a child and assessed her punishment at imprisonment for four years. Dunbar did not appeal or file a motion for new trial.[1]

On December 6, 2007, Dunbar filed a motion for shock community supervision. On February 14, 2008, the trial court granted Dunbar's motion and placed her on shock community supervision for a period of one year. On March 3, 2008, the State filed a notice of appeal.

On direct appeal, the State complained that Dunbar was statutorily ineligible for shock community supervision and, therefore, the trial court had lacked jurisdiction to place her on shock community supervision. Dunbar responded, in relevant part, that the State had "failed to object" in the trial court[2] to the trial court's placement of her on shock community supervision and, therefore,

---

[1] In her brief to the court of appeals, Dunbar argued that she had "agreed to the four year assessment of punishment without argument in exchange for assurances from the trial court through her attorney of record that she would have an opportunity for shock probation." Nothing in the record substantiates this claim, however. If Dunbar in fact entered her pleas of "true" based upon a misunderstanding or misrepresentation, then she may wish to seek relief through a post-conviction application for a writ of habeas corpus. We express no opinion on the merits of such a possible claim.

[2] In its brief to this Court, the State points out that the case record contains "no court reporter's record of either the hearing on the State's motion to adjudicate guilt or any hearing that may have occurred on [Dunbar's] motion for shock probation." Thus, the record does not reflect whether the State acquiesced in or objected to the trial court's placement of Dunbar on shock community supervision.

the State had "waiv[ed] preservation of error" under Texas Rule of Appellate Procedure 33.1. [3]

The court of appeals accepted the State's substantive argument, rejected Dunbar's procedural argument, vacated the trial court's order placing her on shock community supervision, and "remand[ed] the case to the trial court with instructions to carry out the sentence previously imposed." *State v. Dunbar*, 269 S.W.3d 693, 696 (Tex.App.–Beaumont 2008). With respect to Dunbar's procedural argument, the court of appeals held that "the issue raised by the State is not subject to procedural default." *Ibid*.

Dunbar later filed a petition for discretionary review that asserted two grounds for review, the second of which we granted.[4] *See* Tex. R. App. Proc. 66.3(d). In her brief, Dunbar argues that the court of appeals erred in rejecting her procedural argument because, under Rule 33.1, "the State should be required to object at the trial court level to preserve the issue of improperly granting [shock] probation on a 3g offense in order to appeal that improper grant to the Court of Appeals."[5] In its reply brief, the State argues that "[a] trial court lacks jurisdiction to suspend a prison sentence months after a defendant has begun serving it, unless the shock probation statute is applicable," and

---

[3] Rule 33.1(a)(1)(A) provides:

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

[4] Dunbar's second ground for review reads: "Did the court of appeals err in holding that the State did not waive [its] right to appeal by not objecting to the trial court placing [Dunbar] on probation at the time the court ordered the shock probation?"

[5] Dunbar's reference to a "3g offense" is a reference to those offenses, specified in Texas Code of Criminal Procedure article 42.12, § 3g(a)(1), which render a defendant ineligible for regular community supervision or shock community supervision. *See* discussion, *infra*.

in this case, according to the State, the shock probation statute was not applicable because of the nature of Dunbar's offense.

Rule 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a specific and timely request, objection, or motion. *See Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex.Crim.App. 2006) (discussing Rule 33.1). But Rule 33.1 does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal. *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993).

Trial court jurisdiction over a case is an absolute systemic requirement. *Id*. at 279. Thus, Rule 33.1 did not prohibit the State in this case from raising a jurisdictional complaint for the first time on appeal. But was the State's complaint here truly jurisdictional?

The term "jurisdiction" refers to the power of a court to hear a controversy and make decisions that are legally binding on the parties involved. *Dears v. State*, 154 S.W.3d 610, 612 (Tex.Crim.App. 2005); 21 C.J.S. *Courts* § 9 (2006). If there is no jurisdiction, the court has no power to act. *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App. 1980).

A trial court's jurisdiction over a criminal case consists of "the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing of [an] indictment or information if indictment is waived." *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981). If no community supervision is imposed, no motion for new trial or in arrest of judgment is filed, and no appeal is taken, then the trial court's personal jurisdiction over the accused terminates thirty days after sentencing. *See Collins v. State*, 240 S.W.3d 925, 927 (Tex.Crim.App. 2007);

*McClinton v. State*, 121 S.W.3d 768, 769 n. 1 (Tex.Crim.App. 2003) (Cochran, J., concurring); Tex. R. App. Proc. 21.4 & 22.3. Consequently, beyond that thirty-day period, "a source of jurisdiction must be found to authorize the trial court's orders." *State v. Patrick*, 86 S.W.3d 592, 595 (Tex.Crim.App. 2002) (plurality op.).

In the instant case, the trial court acquired personal jurisdiction over Dunbar when the indictment against her was filed on August 7, 1996. The trial court lost personal jurisdiction over Dunbar thirty days after the trial court sentenced her on September 5, 2007. Was there a source of jurisdiction to authorize the trial court's February 14, 2008, order placing Dunbar on shock community supervision?

Dunbar was convicted of indecency with a child under Texas Penal Code § 21.11. Article 42.12, § 3g, of the Texas Code of Criminal Procedure provides that a person convicted of indecency with a child is ineligible for "regular" community supervision. And Article 42.12, § 6(a)(1), provides that a person who is ineligible for regular community supervision is also ineligible for shock community supervision. *Ex parte Austin*, 746 S.W.2d 226, 229 (Tex.Crim.App. 1988); G. Dix & R. Dawson, 43A *Texas Practice Series: Criminal Practice and Procedure* §§ 39.43 & 39.63 (2nd ed. 2001). Thus, the trial court in this case did not re-acquire personal jurisdiction over Dunbar by virtue of the shock community supervision statute, and we know of no other possible source of jurisdiction.

In view of the foregoing, we conclude that the trial court, at the time it placed Dunbar on shock community supervision, lacked the jurisdiction to do so. Therefore, the State's complaint in the court of appeals was truly jurisdictional and could properly be raised for the first time in that court.

We overrule Dunbar's ground for review and affirm the judgment of the court of appeals.

DELIVERED:  NOVEMBER 18, 2009

PUBLISH