IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






Nos. PD-0034-10 and PD-0035-10





THE STATE OF TEXAS



v.



CODY JOE POSEY, Appellee





ON APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


LAMAR COUNTY





 Johnson, J., delivered the opinion for a unanimous Court. Keasler, J., filed a
concurring opinion, in which Hervey and Cochran, JJ. join.


O P I N I O N



 A jury convicted appellee of two criminally negligent homicides, alleged in separate
indictments. The jury found that the motor vehicle driven by appellee in the commission of these
offenses was used or exhibited as a deadly weapon, assessed punishment at two years' imprisonment,
and recommended that the sentences be probated. The trial court followed that recommendation and
placed appellee on community supervision for five years for each conviction. (1) On November 21,
2008, facing motions to revoke community supervision in both cases, appellee plead "true" to
violation allegations in each case. After an evidentiary hearing on the motions, the trial judge found
that appellee had violated the terms of his community supervision and sentenced him to 22 months
on each offense, with the sentences to run concurrently. (2) In his oral comments, the trial judge
suggested that appellee's attorney should file a motion for shock probation after appellee had been
in state jail for at least 75 days.

 On January 7, 2009, appellee filed a "Motion to Impose Community Supervision," which
contained both cause numbers, noting that it had been "less than 180 days subsequent to the date
execution of sentence actually began." The trial court conducted a hearing on appellee's motion, and
at its conclusion stated, "I am going to grant shock probation to Mr. Posey. I'm going to extend the
period of his probation to seven years. ... I will place Mr. Posey back on probation, but will increase
the length of time of his probation to seven years."

 After confirming to the district clerk that the ruling applied to both cases and acknowledging
that the prosecutor intended to appeal the issue, the trial judge said that the sentence "was originally
five years' probated and I'm going to raise it to ten years. So it will be ten years-that'll be two years
in TDC, probated for ten." Appellee's attorney then stated, "Two, probated for ten[,]" to which the
trial judge responded, "Yes." The written order granted appellee's Motion to Impose Community
Supervision and ordered that: "1. The community supervision imposed in each case is hereby
extended to five additional years; and 2. Cody Posey pursuant to the granting of this motion is hereby
ordered released and placed on community supervision." The judgment of conviction in each case
reflected that the sentence of confinement was suspended and that appellee was placed on
community supervision for ten years.

 The state appealed, claiming in a consolidated brief that the trial court had reversibly erred
by modifying the judgments of both causes and suspending the execution of the sentences and
placing appellee on shock community supervision. It argued that, because appellee was not eligible
for judge-ordered community supervision, the trial court lacked the jurisdiction to grant shock
community supervision, thus it asked the court of appeals to vacate the order placing appellee on 
community supervision and to reinstate of the judgments of conviction. The court of appeals agreed
that the affirmative deadly-weapon finding rendered appellee ineligible for judge-ordered community
supervision, which prevented the trial trial judge from ordering community supervision, and that the
trial court had therefore erred by ordering shock community supervision. State v. Posey, 300 S.W.3d
23 (Tex. App.--Texarkana 2009), and State v. Posey, No. 06-09-00040-CR (Tex. App.--
Texarkana, delivered October 20, 2009) (not designated for publication). The court of appeals
reinstated the judgments revoking appellee's community supervision and remanded the cases to the
trial court with specific instructions to carry out the two-year sentences. Id. We affirm the judgments
of the court of appeals.

 Appellee's sole ground for review asserts that 

 [t]he court of appeals erred in vacating the trial court's imposition of shock
community supervision on the basis that a trial judge has no jurisdiction to grant
shock probation when the Petitioner's underlying offense had involved a deadly
weapon finding as the Petitioner had originally been placed on community
supervision by a jury. 

 The state argues that the court of appeals correctly interpreted Article 42.12 by holding that
appellee was not eligible for judge-ordered community supervision and was not "otherwise eligible" 
for shock probation because of the deadly-weapon findings. In support, the state cites our opinion
in State v. Dunbar, 297 S.W.3d 777 (Tex. Crim. App. 2009).

 In Dunbar, we held that because Article 42.12, § 3g, stated that a person who had been
convicted of indecency with a child is ineligible for regular community supervision and Article
42.12, § 6(a)(1), provided that a person who is ineligible for regular community supervision is also
ineligible for shock community supervision, Dunbar, who was convicted of indecency with a child,
was ineligible for shock community supervision. Dunbar, 297 S.W.3d at 780. (3) However, in the
instant cases, appellee was eligible for, and in fact was placed on, regular community supervision. 
Pursuant to Article 42.12, § 4, when a jury recommends that its sentence of confinement be
suspended, the trial judge shall suspend the sentence and place the defendant on community
supervision. In these two cases, that is precisely what happened; appellee was initially placed on
community supervision because he was eligible for jury-recommended supervision and the jury
recommended it.

 The state also cites Ex parte Austin, 746 S.W.2d 226 (Tex. Crim. App. 1988), in which,
pursuant to a plea agreement, the defendant plead guilty to attempted murder before the trial court,
and the court made an affirmative finding of deadly weapon based on the use of a handgun. Pursuant
to the plea agreement, Austin was granted shock probation by the trial court. We held that because
of the deadly-weapon finding, Austin was not eligible for regular probation by the trial court and the
trial court was without power to grant it; Austin could be granted shock probation only if he was
otherwise eligible for probation under Article 42.12. But here, appellee was eligible for, and
received, jury-recommended probation under Article 42.12.

 The state also cites the court of appeals opinion, State v. Lima, 825 S.W.2d 733 (Tex. App.
--Houston [14th Dist.] 1992, no pet.), which held that the trial court improperly granted shock
probation to Lima because the offense of which he was convicted was specifically excluded from
being considered for shock probation. However, the offense for which appellee was convicted in
these two cases, criminally negligent homicide, is not excluded.

 Appellee points out that Code of Criminal Procedure article 42.12, § 6, provides that shock
probation may be granted if the defendant "is otherwise eligible for community supervision under
this article." He notes that Article 42.12 contains provisions for eligibility for community
supervision by a judge as well as by a jury. He argues that § 6 does not specify that shock probation
can be granted only if the defendant was initially eligible for community supervision from a judge,
but rather says merely that the defendant must be eligible for community supervision "under this
article." He asserts that nothing in Article 42.12 makes him ineligible for shock probation because,
under Article 42.12, he properly received community supervision for criminally negligent homicide
from a jury, even with a deadly-weapon finding.

 The issue before us is the interplay of Article 42.12, § 6(a)(1)'s "is otherwise eligible for
community supervision under this article" between shock probation and the other forms of
supervision. Because that phrase does not refer to a particular section of the article, the plain
meaning is that it refers to the entirety of Article 42.12-which discusses several kinds of community
supervision, including judge-ordered (§ 3), jury-recommended (§ 4), deferred-adjudication (§
5)-unless using the plain meaning produces an absurd result or the language within the other sections
of Article 42.12 narrows eligibility. We consider the availability and limitations of each type of
supervision.

 The phrase cannot include deferred adjudication, as it may be granted only when there has
been no finding of guilt, a circumstance contrary to a verdict of guilty and assessment and execution
of sentence. (§ 5(a): a judge may find that the evidence substantiates the defendant's guilt and defer
further proceedings without a finding of guilt.)

 Because the jury verdict included an affirmative finding of the use of a deadly weapon, the
trial judge could not grant community supervision without a recommendation from the jury. (§
3(g)(a)(2): "The provisions of Section 3 of this article do not apply: to a defendant when it is shown
that a deadly weapon . . . was used or exhibited during commission of a felony offense or during
immediate flight therefrom . . ..)

 The jury could, and did, recommend community supervision, but the jury's recommendation
extends only to regular probation. We conclude that that limitation exists because a grant of regular
community supervision suspends the imposition of the assessed sentence, while shock probation
suspends further execution of a sentence that the defendant had already begun serving. (4) O'Hara v.
State, 626 S.W.2d 32, 34-35 (Tex. Crim. App. 1981). The trial judge's authority to order any form
of community supervision arises from the jury's recommendation of regular community supervision
and thus has the same limitations. We hold that a trial judge may not grant shock probation unless
the defendant is eligible for judge-ordered community supervision.

 The judgment of the court of appeals in each cause is affirmed.


Delivered: January 12, 2011

Publish
1. We note that in 1993, during the 73rd Legislative Session, the statutory term for probation was changed to
"community supervision." Both terms refer to the same process and will be used interchangeably in this opinion. 
Ivey v. State, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).
2. While the trial judge's oral pronouncement of sentence was 22 months on each offense to run
concurrently, the written judgments reflect that punishment was assessed as confinement for two years in the
institutional division of the Texas Department of Criminal Justice. The court of appeals addressed this
inconsistency, but neither party sought review of that decision. State v. Posey, 300 S.W.3d 23, 32-35 (Tex.
App.--Texarkana 2009).
3. We also observe that Dunbar plead nolo contendere to the charge and that the trial court deferred
adjudication of guilt and placed her on community supervision. Id. at 778. 
4. If a jury recommends community supervision, the trial judge must grant it and will then set the terms and
conditions of the supervision. Tex. Code Crim. Proc. art. 42.12, §§ 4, 11. Those conditions may include time
spent in the county jail, Tex. Code Crim. Proc. art. § 12, but cannot include time spent in prison, which may be
assessed only after revocation of the recommended community supervision, Tex. Code Crim. Proc. art. 42.12, § 23.