# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

March 12, 2013

The Honorable Mike Anderson
Harris County District Attorney
Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002

Opinion No. GA-0992

Re: Authority of certain persons to direct the disposition of blood seized during the investigation of an intoxication-related offense (RQ-1082-GA)

Dear Mr. Anderson:

Your predecessor asked two questions regarding the proper disposition of evidence in a criminal case:[1]

> (1) Does the Harris County District Attorney's Office have the authority to petition a district or inferior court for the destruction of blood seized during the investigation of an intoxication-related offense?

> (2) Do district court judges and inferior court judges have the authority to order the destruction of blood seized during the investigation of an intoxication-related offense?

Request Letter at 1. The brief submitted with the request letter indicates that your office is aware of the statutes governing the destruction of blood evidence in *felony* cases. Brief at 2–3 (citing TEX. CODE CRIM. PROC. ANN. art. 38.43(a)(2), (d) (West Supp. 2012)). The brief states that the vast majority of blood samples currently in the possession of Harris County law enforcement officials were seized in relation to intoxication-related *misdemeanor* offenses, in which the procedures governing felony cases are inapplicable. Brief at 3. The requestor also states that most of these samples relate to misdemeanor cases that have been "concluded" or "finally resolved." Request Letter at 1; Brief at 3, 5. Accordingly, we understand your questions to concern a court's authority to order the destruction of blood evidence related to misdemeanor cases in which final judgment has been entered and all appeals exhausted.

---

[1]*See* Request Letter and Brief from Honorable Patricia R. Lykos, Harris Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Sept. 5, 2012), http://texasattorneygeneral.gov/opin ("Request Letter" & "Brief").

We begin by addressing the second question, which concerns a court's authority to order the destruction of blood evidence related to a misdemeanor case that has been finally resolved. To begin with, a court has all powers necessary for the exercise of its jurisdiction, including the power to issue writs and orders and "determine all essential questions." TEX. GOV'T CODE ANN. § 21.001(a) (West 2004); *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex. Crim. App. 1980). Without jurisdiction, however, a court has no power to act. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *see also State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (holding that "a source of jurisdiction must be found to authorize the trial court's orders"). Jurisdiction ends "when a case becomes final or is taken to a higher court." *Patrick*, 86 S.W.3d at 596. Therefore, a trial court does not retain jurisdiction over a case that has been finally resolved. A court that no longer has jurisdiction over a case has no authority to issue an order providing for the destruction of evidence in that case. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005) (granting trial courts authority to issue writs of habeas corpus to determine whether an inmate is lawfully incarcerated). Furthermore, the request letter does not point to, and we are not aware of, a statutory or common-law cause of action or any other legal authority that would empower a court to order the destruction of evidence related to misdemeanor cases over which the court otherwise lacks jurisdiction. Consequently, we conclude that a court likely lacks the authority to order the destruction of blood evidence related to misdemeanor cases that have been finally resolved. Because petitioning a court for an order the court lacks the authority to issue would likely be ineffective, we need not address the first question concerning the authority of the Harris County District Attorney's Office.

While we conclude that a court does not have the authority to order the destruction of blood evidence collected in a misdemeanor case that is finally resolved, it is possible that other procedures may be used to destroy that evidence. Because your questions are limited to a court's authority to order the destruction of blood evidence, we do not address other potential means of destroying such evidence. Prosecutors should always take care that their handling of evidence in criminal cases comports with constitutional requirements. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1998) (holding that failure to preserve potentially useful evidence was not a denial of due process absent a showing of bad faith on the part of the state); *see also Ex parte Napper*, 322 S.W.3d 202, 238 (Tex. Crim. App. 2010) (holding that a finding of bad faith must be based on evidence demonstrating an "improper motive, such as personal animus against defendant or a desire to prevent the defendant from obtaining evidence that might be useful").

## S U M M A R Y

A district or inferior court likely does not have authority to order the destruction of blood collected during the investigation of an intoxication-related misdemeanor offense after the underlying case has been finally resolved.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee