

# NUMBER 13-11-00373-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JUAN ANGEL FLORES,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 138th District Court of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Juan Angel Flores challenges his conviction on two counts of indecency

with a child. By four issues,[1] appellant argues that the trial court erred in denying his

---

[1] Although appellant presents his arguments in seven appellate issues, in our review of his brief, we find only four distinct issues.

motion for new trial because it was shown after trial that one of the jurors who sat on appellant's panel was on federal deferred-adjudication felony probation at the time of trial. We affirm.

## I. Background[2]

Appellant was indicted on two counts of indecency with a child and two counts of sexual assault of a child in connection with his alleged sexual contact with E.T., a child younger than fourteen years of age. A jury acquitted appellant of the assault counts but convicted him of the two indecency counts. The jury then sentenced appellant to ten years' incarceration for each conviction; the trial court ordered the sentences to run concurrently.

After the sentence was pronounced by the jury, the trial court and parties discovered that one of the jurors was on federal deferred-adjudication probation for a felony drug offense. The State does not dispute that this was an absolute disqualification under code of criminal procedure article 35.19. *See* TEX. CODE CRIM. PROC. ANN. art. 35.19 (West, Westlaw through 2013 3d C.S.). Appellant filed a motion for new trial, which raised the issue of the juror's disqualification and argued, in relevant part, as follows:

> Defendant would allege that he is entitled to a new trial because the juror who served was disqualified to serve. Article 44.46(2) [of the code of criminal procedure] allows for a conviction to be reversed on the grounds that a juror served and was disqualified from service under Article 35.19(2) if the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the Defendant makes a showing of significant harm by the service of the disqualified juror.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

Defendant did not learn of the disqualification of the juror until after the verdict was rendered. Defendant would further show that since the disqualified juror is currently on probation the fact that he is on probation could have been made known to the jury including the reporting requirements which could have influenced the jury to assess penitentiary time and not consider probation as an appropriate sentence. This would then be of significant harm.

Additionally Defendant herein would show and allege that the provisions of Article 35.19(2) are unconstitutional in that it should require the State to show that there was no substantial harm. The Defendant was not at fault for the disqualified juror serving and the State should bare [sic] the burden of showing harm since the juror that served was absolutely disqualified. . . .

The service by the disqualified juror herein lead to the Defendant's conviction and sentence.

*See* TEX. CODE CRIM. PROC. ANN. art. 44.46(2) (West, Westlaw through 2013 3d C.S.).

The State responded to appellant's motion for new trial, arguing that appellant had failed to show significant harm because he did not support his allegations of juror misconduct with affidavits and his convictions and sentences, alone, did not show significant harm. No hearing was held on appellant's motion for new trial,[3] and the trial court denied the motion. This appeal followed.

## II. Discussion

In four issues, appellant makes the following arguments challenging the constitutionality and/or legal basis of code of criminal procedure articles 35.19 and 44.46(2): (1) that the service of an absolutely disqualified juror under article 35.19 implicates article I, section 15 of the Texas Constitution, *see* TEX. CONST. art. I, § 15 ("The

---

[3] Appellant does not complain on appeal of the trial court's decision not to hold a hearing on his motion for new trial.

3

right of a trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."); (2) that article 44.46(2)'s "significant harm" requirement spoils the "purity" of a defendant's right to trial by jury, as required by article I, section 15; (3) that decisions of Texas courts allowing "non-moral-turpitude felons" to serve on juries violate federal due process; and (4) that article 44.46(2)'s "significant harm" requirement impermissibly conflicts with appellate rule 44.2, which requires reversal of constitutional errors unless it is determined beyond a reasonable doubt that the error was harmless. *See* TEX. R. APP. P. 44.2(a). Appellant preserved none of these arguments for our review.

The trial court must be given an opportunity to consider and rule on error before an appellate court may pass judgment.[4] *See* TEX. R. APP. P. 33.1(a). Although he filed a motion for new trial complaining of the service of the disqualified juror in this case, appellant did not raise any of the arguments he now makes on appeal. Aside from his argument that the disqualified juror potentially influenced the sentence assessed by the jury, in his motion for new trial, appellant's only argument about the propriety of the relevant statutes was that the State should bear the burden of showing a lack of significant harm. That is not the argument he makes on appeal; appellant has forfeited our review. We overrule each of his issues.

---

[4] In his brief, appellant suggests that the constitutional infirmities he raises are structural in nature, and therefore, regardless of the harm involved, his conviction should therefore be reversed. *See Johnson v. United State*s, 520 U.S. 461, 468–69 (1997). Having reviewed his brief, we cannot conclude that appellant is complaining that the issues he raises are systemic, fundamental requirements that obviate the need for a timely and specific objection. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). And in our research, we have found no law indicating that juror qualifications are the sort of absolute systemic requirements that would have relieved appellant of his obligation to preserve the error. To the extent that appellant tries to frame his arguments on appeal as issues of a systemic nature, we are not persuaded.

## IV.  Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of September, 2014.