ACCEPTED
04-16-00303-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/1/2016 6:27:12 PM
KEITH HOTTLE
CLERK

**Cause No. 04-16-00303-CR**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **COURT OF APPEALS** |
| | § | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS |
| **VS.** | § | **FOURTH JUDICIAL DISTRICT** 06/01/16 6:27:12 PM<br>KEITH E. HOTTLE<br>Clerk |
| | § | |
| **MOISES TRUJILLO** | § | **SAN ANTONIO, TEXAS** |

## APPELLANT'S RESPONSE TO THE ORDER PROPOSING TO DISMISS FOR WANT OF RIGHT OF APPEAL

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, appellant, MOISES TRUJILLO, who, by and through the undersigned counsel, and in reply to the order of this Honorable court of appeals dated May 23, 2016, would show the Court the following:

I.    Procedural history.

The State charged appellant by indictment on June 4, 2014 with: one [1] count of indecency by exposure with a child younger than seventeen (17) years old [Count III]; and two [2] counts of aggravated sexual assault of a child younger than fourteen (14) years old [Counts I & II], each alleged to have occurred in Bexar County, Texas, on or about March 30, 2007 or May 28, 2008. *See* (1 CR 5) (containing State's "True Bill of Indictment" in Cause No. 2014-CR-4416).[1]

---

[1]  Indecency by exposure with a child younger than seventeen (17) is a third degree felony. TEX. PENAL CODE §§ 21.11 (a)(2),(d) (West 2008). Penetrating or contacting the sexual organ of a child younger than fourteen (14) is a first degree felony. TEX. PENAL CODE § 22.021(a)(1)(B)(iii),(e) (West 2007).

The parties entered into a written plea agreement under which appellant applied for deferred adjudication or community supervision on March 14, 2016. (1 CR 21, 29). Pursuant to that agreement, appellant pled "guilty" to Counts I & III of the indictment and the State dismissed Count II. *See, e.g.,* (1 CR 25, 29) (containing plea documents entitled: "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions," "Plea Bargain," and "Waiver, Consent to Stipulation of Testimony, and Stipulations"). The written agreement shows the State would also recommend: (1) "punishment to be assessed at [a] CAP of 25 years [in TDCJ];" (2) a fifteen-hundred dollar [$1,500] fine; (3) "[an] affirmative finding of…[a] 3G offense [that will render] Defendant *not eligible* for supervision under CCP 42.12, Sec. 3;" and (4) "[the] State will make no recommendation [on] Defendant's deferred adjudication/community supervision application." (1 CR 29) (emphasis added).

In addition, a section of the plea bargain page nominated "Waiver of Appeal" states, in relevant part, "as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal…in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement." (1 CR 29). The plea agreement bears the signatures of: (1) appellant; (2) his counsel, Robert F. Gebbia; and (3) Assistant District Attorney, Marissa L. Giovenco. (1 CR 29, 68).

The presiding Judge, the Hon. Kevin O'Connell, followed appellant's plea agreement on April 26, 2016, sentencing appellant to twenty-five [25] years in the Texas Department of Criminal Justice Institutional Division, and a fifteen-hundred dollar ($1,500) fine. *See* (1 CR 68-75) (containing "Judgment(s) of Conviction by Court—Waiver of Jury Trial"). That same day, the trial court also certified that "this criminal case is a plea-bargain case, and appellant has NO right of appeal." (1 CR 67) (containing "Trial Court's Certification of Defendant's Right of Appeal").

On May 13, 2016, three [3] distinct events occurred: (1) appellant filed notice of appeal, [1 CR 76]; (2) Robert F. Gebbia successfully moved to withdraw as counsel of record, [1 CR 78]; and (3) the trial court appointed the Bexar County Public Defender's office to represent appellant for purposes of this attempted appeal. (1 CR 83). Later, on May 18, 2016, the released Gebbia filed a "Motion For Reconsideration or Reduction of Sentence" in which he states, "Moises Trujillo would like to request that the sentence be reduced to five (5) years *or probation be reconsidered*." (1 CR 84) (emphasis added). The trial court summarily denied Gebbia's motion on May 19, 2016.

II.     No right of appeal.

Appellant pleaded guilty or nolo contendere to two [2] of the three [3] the counts alleged against him pursuant to a written plea agreement with the State. (1 CR 26). As part of the plea agreement, appellant waived his right of appeal in

writing. (1 CR 29). The trial court certified that: "this criminal case a plea-bargain case, and the defendant has NO right of appeal." (1 CR 67).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d) (West 2015). The undersigned attorney has reviewed documents including the electronic clerk's record in this case and can find no right of appeal for appellant. *See* TEX. R. APP. P. 25.2(a)(2) (providing that, in plea-bargained case where the sentence did not exceed the agreed-upon punishment, defendant may only appeal: [1] matters raised by written motion and ruled upon before trial; or [2] after getting the trial court's permission).

Notably, in an effort to secure the permission necessary to pursue this appeal, appellate counsel did file and present Judge O'Connell with a "Motion to Amend Trial Court's Certification of Defendant's Right to Appeal." *See* Exhibit A. Judge O'Connell denied that motion on May 24, 2016. *See* Exhibit B.

Accordingly, because the record contains no evidence of any legal rulings secured pretrial, and the trial court has steadfastly denied permission to appeal, this Court has little choice but to dismiss the appeal. *See, e.g., Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (dismissing appeal with no inquiry into even possibly meritorious claims when defendant had no right to appeal due to plea

bargain); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court); *Buck v. State*, 45 S.W.3d 275, 277-78 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (ruling waiver of appeal made contemporaneously with plea and before sentencing is binding).

III.   Relief Available to Appellant.

Although the court of appeals is required to dismiss this appeal, appellant may, after the mandate is issued in this case, file an application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure to determine whether his retained attorney provided ineffective assistance of counsel. Trial counsel's performance from March 14, 2016 through May 18, 2016 arguably indicates an objectively deficient belief that appellant was eligible for community supervision *from the trial court*. *See, e.g.*, (1 CR 21) (containing "Application for Deferred Adjudication or Community Supervision (Non Jury)," file stamped same day as appellant's plea, March 14, 2016); (1 CR 84) (containing trial counsel "Motion For Reconsideration or Reduction of Sentence," stating, "Moises Trujillo would like to request that the sentence be reduced to five (5) years *or probation be reconsidered*") (emphasis added). Appellant no doubt relied on trial counsel's representations when he applied for "probation," which could only be granted by a jury in this case, not the judge. *See, e.g., State v. Dunbar*, 297 S.W.3d 777 (Tex.

Crim. App. 2009) (noting if defendant is found guilty of "3g" offense, probation may be granted only by jury, not judge); TEX. CRIM. P. CODE, art. 42.12, § 3g (West 2015).

WHEREFORE, appellant, by and through undersigned counsel, is compelled to concede that this Honorable court of appeals must dismiss this direct appeal for the reasons stated above.

Respectfully submitted,
MICHAEL YOUNG
Chief Public Defender

BY:       /s/ *Dean A. Diachin*
Dean A. Diachin
BEXAR COUNTY ASST. PUBLIC DEFENDER
Paul Elizondo Tower
101 W. Nueva St., Suite 370
San Antonio, Texas 78204
Phone:     (210) 335-0701
Fax:       (210) 335-0707
Dean.Diachin@bexar.org
T.B.N.:     00796464

ATTORNEY FOR APPELLANT.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing has been delivered to the Bexar County District Attorney's Office, San Antonio, Texas 78205 on this __1st__ day of <u>June 2016</u>.

/s/ *Dean A. Diachin*
DEAN A. DIACHIN
Assistant Public Defender

# Appendix A

## Defendant's Motion to Amend Trial Court's Certification of Defendant's Right ot Appeal

## Cause No.: 2014-CR-4416; Filed: 05-24-16.



**Cause No. 2014-CR-4416**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 227th JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| | § | |
| MOISES TRUJILLO | § | BEXAR COUNTY, TEXAS |

FILED O'CLOCK___M MAY 2 4 2015 DONNA KAY McKINNEY District Clerk, Bexar County, Texas BY_____ DEPUTY

### DEFENDANT'S MOTION TO AMEND TRIAL COURT'S CERTIFCATION OF DEFENDANT'S RIGHT TO APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, defendant, MOISES TRUJILLO, who, by and through the undersigned appellate counsel of record, Mr. Dean A. Diachin, and pursuant to TEX. R. APP. P. 25.2(f); 34.5(c); & 37.1, does hereby file this Motion to Amend the Trial Court's Certification of Defendant's Right of Appeal in this cause, and in support of this motion would show the Court the following:

### I. Facts

1. Defendant was charged by indictment in Cause No.: 2014-CR-4416 with Aggravated Sexual Assault of a Child and Indecency with a Child by Contact on June 4, 2014.

2. Pursuant to a plea agreement, defendant applied for deferred adjudication community supervision and pled nolo contendere to the charges on March 14, 2016.

3. The trial court sentenced defendant to four [10] years in TDCJ on April 26, 2016.

4. The trial court signed the Trial Court's Certification of Defendant's Right of Appeal," which states, "this is a plea bargain case and defendant has NO right of appeal," on April 26, 2016.

6. On May 23, 2016 appellate counsel received an <u>Order</u> from the Fourth Court of Appeals stating, "We ORDER Appellant to cause an amended trial court certification to be filed in this court within THIRTY days of the date of this order showing Appellant has the right of appeal."

7. Defendant believes, among other things, that: (1) his sentence is excessive; (2) his application for deferred adjudication community supervision ought to have been granted, and (3) genuine issues of material fact were waived in reliance on counsel's various representations about that application.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** defendant prays that the Court will grant and this <u>Motion to Amend the Trial Court's Certification of Defendant's Right of Appeal</u>, and thereby grant him the right to appellate review of his plea and sentence in this cause.

Respectfully submitted,

MICHAEL YOUNG
Chief Public Defender

BY: _____
Dean A. Diachin
BEXAR COUNTY ASST. PUBLIC DEFENDER
101 W. Nueva St., Suite 370
San Antonio, Texas 78204
Phone:     (210) 335-0701
Fax:        (210) 335-0707
Dean.Diachin@bexar.org
T.B.N.:     00796464

ATTORNEY FOR APPELLANT.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing has been delivered to the Bexar County District Attorney's Office, San Antonio, Texas 78205 on this __24th__ day of <u>May 2016</u>.

DEAN A. DIACHIN
Assistant Public Defender

## Cause No. 2014-CR-4416

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 227th JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| MOISES TRUJILLO | § | BEXAR COUNTY, TEXAS |

## ORDER

On this date came to be heard was <u>Defendant's Motion for Amendment to the Trial Court's Certification of Defendant's Right of Appeal</u>, and after due consideration thereof, this Court does hereby Order that said motion hereby is:

GRANTED                                    DENIED


_____

**The Honorable Kevin M. O'Connell**
Judge Presiding

# Appendix B

## ORDER Re:
## <u>Defendant's Motion to Amend Trial</u>
## <u>Court's Certification of Defendant's</u>
## <u>Right ot Appeal</u>

## Cause No.: 2014-CR-4416;
## Denied: 05-24-16.

Cause No. 2014-CR-4416

| STATE OF TEXAS | § | IN THE 227th JUDICIAL |
| VS. | § | DISTRICT COURT |
| MOISES TRUJILLO | § | BEXAR COUNTY, TEXAS |

## ORDER

On this date came to be heard was <u>Defendant's Motion for Amendment to the Trial Court's Certification of Defendant's Right of Appeal</u>, and after due consideration thereof, this Court does hereby Order that said motion hereby is:

GRANTED                    DENIED

_____
**The Honorable Kevin M. O'Connell**
Judge Presiding