

## NUMBER 13-17-00611-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                           Appellant,

v.

GRAHAM D. GARFIELD-BENTSEN,                                          Appellee.

On appeal from the 275th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant, the State of Texas, appeals from a judgment granting judicial clemency to appellee Graham D. Garfield-Bentsen. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f) (West, Westlaw through 2017 1st C.S.). By one issue, the State contends that the trial court's order is void because the court lacked jurisdiction. We reverse and render.

## I. BACKGROUND

Appellee was charged by indictment on two counts of attempted murder (a second-degree felony), *see* TEX. PENAL CODE ANN. §§ 15.01, 19.02 (West, Westlaw through 2017 1st C.S.), and two counts of murder (a first-degree felony). *See id.* § 19.02. On April 12, 2010, appellee pleaded guilty to the lesser included offense of manslaughter (a second-degree felony). *See id.* § 19.04 (West, Westlaw through 2017 1st C.S.). The trial court then imposed upon appellee a sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years with a fine of $5,000. However, the trial court suspended the prison sentence and placed appellee on community supervision for a term of ten years.

On May 18, 2017, the trial court entered an order discharging appellee from community supervision. On June 19, 2017, appellee filed a "Motion to Set Aside Conviction and Di[s]miss Charges," requesting that the indictment in his case be dismissed and his conviction set aside under the judicial clemency provision of Texas Code of Criminal Procedure article 42.12, section 20.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f); *Cuellar v. State,* 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). On October 25, 2017, the trial court granted appellee's motion for judicial clemency. This appeal ensued.

## II. DISCUSSION

In its sole issue, the State contends that the trial court's order granting appellee's

---

[1] Article 42.12 was repealed effective January 1, 2017 and replaced with article 42A as part of a non-substantive revision of the community supervision laws. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770 (H.B. 2299), §§ 1.01, 3.01, 4.01, 2015 TEX. GEN. LAWS 2320, 2358–59, 2394 (effective Sept. 1, 2017). The current version is substantially the same as the version in effect at the time of the events giving rise to this case. Therefore, we will refer to the current statute for ease of reference.

motion for judicial clemency is void because the court lacked jurisdiction.

## A. Applicable Law and Standard of Review

A trial court's jurisdiction refers to that court's power to hear and make legally binding decisions on the parties involved. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Jurisdiction is "an absolute systemic requirement" and can be raised for the first time on appeal. *Id.* In criminal cases, a trial court's jurisdiction consists of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused, which is invoked in felony prosecutions by the filing of an indictment or information if indictment is waived. *Id.* A lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment. *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014). Any action taken by a trial court without jurisdiction is void. *Id.*

When a defendant's sentence is suspended, and he is placed on community supervision pursuant to the code of criminal procedure, the community supervision may be discharged in one of two ways. *See Cuellar*, 70 S.W.3d at 818–19. The first is the usual method of discharge, in which either: (1) a defendant has completed the entire term of community supervision and has satisfactorily fulfilled all of the conditions of community supervision, whereupon the trial court shall discharge the defendant from community supervision; or (2) although not mandatory on the part of the trial court, it may discharge a defendant early if the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f). Under the usual method, the defendant still has a conviction on his record, despite never having spent a day in jail, and even though such conviction may not be "final" for other purposes. *See Cuellar*, 70

3

S.W.3d at 818. The second type of discharge is known as "judicial clemency." Judicial clemency is within the trial court's sole discretion; if, after a trial court "believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society," it may

> set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.

*Id.* at 819; *see* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f). If a trial court exercises judicial clemency, "the conviction is wiped away, the [charging instrument] is dismissed, and the person is free to walk away from the courtroom released from all penalties and disabilities resulting from the conviction." *Cuellar*, 70 S.W.3d at 819 (internal quotations omitted). With limited exceptions, *see* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f)(1),(2), the conviction disappears. *Cuellar*, 70 S.W.3d at 819.

To be valid, an order of judicial clemency must be rendered upon or after either mandatory or permissive discharge occurs, but before the trial court loses plenary jurisdiction. *State v. Perez*, 494 S.W.3d 901, 905 (Tex. App.—Corpus Christi 2016, no pet.) (observing that the Legislature did not grant trial courts continuing jurisdiction to order judicial clemency at any time after discharging a defendant from community supervision). The trial court's plenary jurisdiction to modify its sentence expires thirty days after sentencing unless a defendant files a motion for new trial or motion in arrest of judgment within that thirty-day period. *See* TEX. R. APP. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *see also Dunbar*, 297 S.W.3d at 780.

## B.     Analysis

In the instant case, appellee was discharged from community supervision on May

18, 2017, and he did not file a motion for new trial or motion in arrest of judgment. Thirty days after May 18, 2017 was Saturday, June 17, 2017; therefore, the trial court's plenary power extended until Monday, June 19, 2017. *See* Tex. Gov't Code Ann. § 311.014(b) (West, Westlaw through 2017 1st C.S.) ("If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday."). Although appellee filed his motion while the trial court still had plenary jurisdiction, the motion was not granted until October 25, 2017, nearly five months after the trial court lost plenary jurisdiction. And although the filing of motion for new trial or motion in arrest of judgment may extend the trial court's plenary jurisdiction, see Tex. R. App. P. 21.4, 22.3; *Aguilera*, 165 S.W.3d at 697–98, we are aware of no authority establishing that a motion for judicial clemency has the same effect. *See State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, pet. ref'd) (finding "no authority extending the trial court's jurisdiction to grant appellee judicial clemency beyond thirty days from entry of the" discharge order). Accordingly, we conclude that the trial court's order granting judicial clemency was rendered beyond its plenary jurisdiction and is therefore void. *See Moss*, 446 S.W.3d at 788. We sustain the State's sole issue.

### III. Conclusion

The trial court's judgment is reversed and we render judgment dismissing appellee's motion for judicial clemency.

DORI CONTRERAS
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of June, 2018.

5