

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0562-22

**ROBERTO MEDINA FLORES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### GALVESTON COUNTY

**HERVEY, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

Can a trial court expand its jurisdiction and hold a hearing on a motion for new trial outside the 75-day plenary period pursuant to the joint order of the Texas Supreme Court and the Court of Criminal Appeals, titled First Emergency Order Regarding the COVID-19 State of Disaster? No, it cannot. We will affirm the judgment of the court of appeals.

## I.   BACKGROUND

On February 10, 2020, Appellant, Roberto Medina Flores, was convicted of second-degree felony sexual assault and sentenced to 15 years' confinement and fined. He timely moved for a new trial and filed a notice of appeal. The trial court had until April 25 to rule on the motion. On March 13, the Texas Supreme Court and Court of Criminal Appeals issued a joint First Emergency Order Regarding the COVID-19 State of Disaster ("Emergency Order"). The relevant part of the order, which applies here, states:

> 2.   Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
>    a.   Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted . . . .

First Emergency Order Regarding the COVID-19 State of Disaster, 596 S.W.3d 265 (Tex. 2020) (relying on TEX. GOV'T CODE § 22.0035(b)). Seven days later, citing the Emergency Order, Appellant moved to extend the 75-day deadline, and the trial court granted the motion and issued an order to that effect. On May 8, the trial court held a hearing on the motion for new trial. The trial court denied the motion, and Appellant appealed.

The court of appeals concluded the trial court erred because the 75-day plenary period is jurisdictional, not procedural, and a trial court cannot "create jurisdiction for itself where . . . jurisdiction would otherwise be absent," even based on an Emergency

Order. *Flores v. State*, No. 01-20-00213-CR, 2022 WL 961554, at \*10 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022) (mem. op., not designated for publication) (quoting *In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021)). The court of appeals also concluded that it could not consider the motion-for-new-trial claims[1] or the record. *Id.* at \*11 (relying on *State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007), in which the Court of Criminal Appeals held that hearings on motions for new trial overruled by operation of law are not authorized). Appellant petitioned for discretionary review.

## II.  APPLICABLE LAW

A defendant must file a motion for new trial within 30 days after "the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4. "The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." *Id.* at 21.8(a). "A motion not timely ruled on by written order will be deemed denied when the [75-day] period . . . expires." *Id.* at 21.8(c). "[O]nce a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it." *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996). "[J]urisdiction over a case is an absolute systemic requirement." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Actions taken by a court without jurisdiction are void. *See Ex parte Lozoya*, 666 S.W.3d 618, 626 (Tex. Crim. App. 2023) (quoting *Ex parte Armstrong*, 8 S.W.2d 674, 676 (Tex. Crim. App. 1928)).

---

[1] Appellant made four claims of ineffective assistance of counsel.

### III.  DISCUSSION

We agree with the court of appeals. We made clear in *Ogg* that a trial court cannot expand its jurisdiction by relying on an order similar to the Emergency Order authorizing the suspension of deadlines and procedures here. *Ogg*, 618 S.W.3d at 364 (a trial court cannot create its own jurisdiction based on an emergency order issued under Section 22.0035(b) of the Government Code). Here, the trial court tried to do just that. It entered an order purporting to expand its jurisdiction by seven days. But the requirement that a court must have jurisdiction is not procedural, and the 75-day jurisdictional deadline cannot be suspended. *Dunbar*, 297 S.W.3d at 780 (jurisdiction is a systemic requirement); *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("Implementation of . . . [systemic] requirements is not optional and cannot, therefore, be waived or forfeited by the parties."). The trial court did not have the authority to preside over the hearing on the motion for new trial, and its overruling of the motion is void. Appellant's motion for new trial was overruled by operation of law when the 75-day plenary period expired.

### IV.  CONCLUSION

We affirm the judgment of the court of appeals.

Delivered: December 13, 2023

Publish