

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00176-CR
No. 10-23-00181-CR

**JAMES GAMBRELL, JR.**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court Nos. 30096 & 30238**

## MEMORANDUM OPINION

On January 4, 2024, we issued an opinion and judgments in these causes of action affirming the trial court's judgment in trial court cause numbers 30096 and 30238. On the Court's own motion, we withdraw our opinion and judgments of January 4, 2024, and we substitute this opinion and accompanying judgments in their stead.

A court has jurisdiction to determine whether it has jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). When this Court lacks jurisdiction, we have no power to act, and we must dismiss the attempted appeal. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009).

Upon further review of the record, we dismiss these appeals for lack of jurisdiction.

PER CURIAM

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Appeals dismissed
Opinion issued and filed March 4, 2024
Do not publish
[CR25]

