

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00234-CR
No. 10-23-00235-CR

**JAMES GAMBRELL, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 12th District Court
Walker County, Texas
Trial Court Nos. 30096 & 30238

## REINSTATEMENT AND BRIEFING ORDER AND MEMORANDUM OPINION

These appeals were abated and remanded so the trial court could determine why briefs had not been filed in these cases and whether Appellant still desires to proceed with these appeals. The trial court held a hearing and appointed appellate counsel. The supplemental clerk's record and supplemental reporter's record of that hearing have been filed in this Court.

Accordingly, we REINSTATE these appeals.

The record includes an order dismissing trial court cause number 30096, our cause number 10-23-00234-CR. In criminal cases, a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). When this Court lacks jurisdiction, we have no power to act, and we must dismiss the attempted appeal. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Accordingly, we dismiss appellate cause number 10-23-00234-CR for lack of jurisdiction.

Appellant's appointed counsel and counsel for the State filed an "Agreed Motion to Transfer Briefs." They assert that Appellant's briefs and the State's briefs were filed in this Court, but erroneously filed in cause numbers 10-23-00176-CR and 10-23-00181-CR. *See Gambrell v. State*, 10-23-00176-CR & 10-23-00181-CR, 2024 Tex. App. LEXIS 1591 (Tex. App.—Waco March 4, 2024, no pet. h.) (mem. op., not designated for publication). They request this Court to transfer the briefs from those causes to cause numbers 10-23-00234-CR and 10-23-00235-CR.

Inasmuch as cause number 10-23-00234-CR has been dismissed, we cannot transfer briefs into that appeal. Furthermore, Appellant's briefs were filed pro se, and he is now represented by counsel. He is not entitled to hybrid representation. *See Ex parte Taylor*,

36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (per curiam). Accordingly, we DENY the Agreed Motion to Transfer Briefs.

The briefing schedule is reset. Appellant's brief in 10-23-00235-CR is due 30 days from the date of this opinion and order. The State's brief is due 30 days after Appellant's brief is filed.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeals reinstated
Appeal dismissed
Opinion and order issued and filed March 7, 2024
Do not publish
[RWR]
[CR25]

