

## NUMBER 13-15-00367-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

FELICIANO VILLARREAL PEREZ,                                           Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

## O P I N I O N

### Before Justices Rodriguez, Benavides, and Perkes
### Opinion by Justice Benavides

In a case of first impression for this Court, we are asked to determine whether the trial court acted without jurisdiction when it granted appellee Feliciano Villarreal Perez's motion for judicial clemency under article 42.12, section 20(a) of the code of criminal procedure nearly eleven years after his community supervision was discharged. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 20(a) (West, Westlaw through 2015 R.S.).

Because we hold that the trial court lacked jurisdiction to act in this case, we reverse and render.

## I. BACKGROUND

On October 9, 2003, Perez pleaded guilty to possession of marijuana in an amount of four ounces or less, but more than two ounces, a Class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(2) (West, Westlaw through 2015 R.S.). Perez elected to have the trial court assess his punishment. The trial court ordered that Perez spend one-year imprisonment in the Hidalgo County jail, and pay a fine of $2,000.00 as well as costs. The trial court further suspended Perez's sentence and placed Perez on community supervision for one year, subject to certain conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3 (West, Westlaw through 2015 R.S.). On November 2, 2004, after the expiration of Perez's community supervision, the trial court discharged Perez from community supervision.

On June 30, 2015, Perez filed a motion for judicial clemency pursuant to article 42.12, section 20(a), and specifically requested that the trial court grant his request because despite having completed his probation, he has experienced "difficulty regarding his immigration status" as a result of his record of conviction.

On July 14, 2015, after a hearing,[1] the trial court granted Perez's request for judicial clemency and ordered that Perez's plea of guilty and corresponding judgment in Perez's underlying case be set aside. It further ordered that all charges, accusations,

---

[1] A record of this hearing was not made a part of the appellate record. However, because the issue before us deals with purely legal questions, a transcript of this hearing is not necessary for the disposition of this appeal.

complaints, and indictments in the underlying cause be dismissed. Finally, the trial court ordered that Perez be released "from all penalties and disabilities resulting from" the underlying possession conviction. The State subsequently appealed.[2] *See id.* art. 44.01(a)(2) (West, Westlaw through 2015 R.S.) (giving the State a right to appeal a trial court's order modifying a judgment).

## II. JUDICIAL CLEMENCY

By its sole issue, the State contends that the trial court acted without jurisdiction when it granted Perez judicial clemency, thus making its order void.

### A. Jurisdiction of Trial Court to Order Judicial Clemency

A trial court's jurisdiction refers to that court's power to hear and make legally binding decisions on the parties involved. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Jurisdiction is "an absolute systemic requirement" and can be raised for the first time on appeal. *Id.*

In criminal cases, a trial court's jurisdiction consists of the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused, which is invoked in felony prosecutions by the filing of an indictment or information if indictment is waived. *Id.* A lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment. *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014). Any action taken by a trial court without jurisdiction is void. *Id.* Generally, if no community supervision is imposed, no motion for new trial or motion in arrest of judgment filed, and no appeal is taken, then

---

[2] Perez did not file an appellate brief in this case.

3

the trial court's personal jurisdiction over an accused terminates thirty days after sentencing. *Dunbar*, 297 S.W.3d at 780.

But what if community supervision *is* ordered, as in this case? No authority directly speaks to how long a trial court's personal jurisdiction over a defendant who has been placed on community supervision extends. Yet, the court of criminal appeals has held that a source of jurisdiction must be found to authorize a trial court's orders. *See State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (holding that a trial court acted without jurisdiction by ordering DNA testing without statutory or any other source of authority).

When a defendant's sentence is suspended, and he is placed on community supervision pursuant to article 42.12 of the code of criminal procedure, the community supervision may be discharged in one of two ways. *See Cuellar v. State*, 70 S.W.3d 815, 818–19 (Tex. Crim. App. 2002).[3] The first is the usual method of discharge, in which (1) a defendant has either completed the entire term of community supervision and has satisfactorily fulfilled all of the conditions of community supervision, whereupon the trial court shall discharge the defendant from community supervision; or (b) although not mandatory on the part of the trial court, it may discharge a defendant early if the defendant has satisfactorily completed one-third of the original community supervision period or two

---

[3] Although the court of criminal appeals has dissected article 42.12, section 20 into two methods of discharge, technically there are three methods of discharge: (1) mandatory discharge upon complete fulfillment of all conditions of community supervision; (2) permissive early discharge, after a defendant has completed one-third of the original community supervision period or two years of community supervision, whichever is less; and (3) discretionary judicial clemency, granted by the trial court upon mandatory or permissive discharge. *See* TEX. CODE OF CRIM. PROC. ANN. art. 42.12 § 20 (West, Westlaw through 2015 R.S.); *see also Cuellar v. State*, 70 S.W.3d 815, 818–19 (Tex. Crim. App. 2002) (explaining the "two entirely different types of discharge"). However, to avoid any confusion, we will discuss the "two . . . types of discharge" as explained in *Cuellar*. *See Cuellar*, 70 S.W.3d at 818–19.

4

years of community supervision, whichever is less. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12 § 20(a)). Regardless of which prong is taken under the usual method, the defendant still has a conviction on his record, despite never having spent a day in jail, and even though such conviction may not be "final" for other purposes. *See Cuellar*, 70 S.W.3d at 818.

The second type of discharge is known as "judicial clemency." Judicial clemency is within the trial court's sole discretion, after a trial court "believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society," by permissively setting

> aside the verdict or [permitting] the defendant to withdraw his plea, and [dismissing] the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.

*Id.* at 819; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 20(a). If a trial court exercises judicial clemency, "the conviction is wiped away, the [charging instrument] is dismissed, and the person is free to walk away from the courtroom released from all penalties and disabilities resulting from the conviction." *Cuellar*, 70 S.W.3d at 819 (internal quotations omitted). With limited exceptions, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 20(a)(1)–(2), the conviction disappears. *Cuellar*, 70 S.W.3d at 819. The *Cuellar* decision further makes clear that the granting of judicial clemency is limited by the defendant's action of completing his community supervision. *Id.* (citing *State v. Jimenez*, 987 S.W.2d 886, 887 n.2 (Tex. Crim. App. 1999) ("Under Texas law, *successful completion of probation* allows the judge to dismiss some charges without a final

conviction.") (emphasis added); *Wolfe v. State*, 917 S.W.2d 270, 277 (Tex. Crim. App. 1996) ("Article 42.12 § 20 . . . provides a mechanism to release a convicted person of all legal disabilities *upon successful completion of probation*.") (emphasis added)). If the Legislature intended to provide the trial court with continuing jurisdiction to order judicial clemency at any time after discharging a defendant from community supervision, it would have expressly done so. *See Patrick*, 86 S.W.3d at 595 n.13 (outlining the various statutes and contexts in which the Legislature has granted courts with continuing jurisdiction). Thus, absent further guidance from the Texas Court of Criminal Appeals or the Legislature, we conclude that the trial court must order judicial clemency upon or after either mandatory or permissive discharge occurs, but before the trial court loses plenary jurisdiction.

Finally, we note that two of our sister courts have taken an identical approach to ours, and we hereby join them today. In the more recent opinion of the two, a split Amarillo court held that the trial court acted without jurisdiction when it set aside a defendant's conviction sixteen years after discharging a defendant from community supervision. *See State v. Shelton*, 396 S.W.3d 614, 619 (Tex. App.—Amarillo 2012, pet. ref'd). Similarly, in 2002, the Waco Court held that the trial court lacked jurisdiction to issue an order of judicial clemency more than three years after discharging a defendant. *See State v. Fielder*, 376 S.W.3d 784, 787 (Tex. App.—Waco 2011, no pet.).

**B. Application**

The record in this case shows that Perez was discharged from community supervision in the usual method, after he fully competed his term and all the corresponding conditions on November 2, 2004. The trial court granted Perez judicial

clemency on July 14, 2015, nearly eleven years after his "usual method" of discharge from community supervision. Thus, pursuant to our holding today, we conclude that the trial court lacked jurisdiction to order judicial clemency in this case, making its order void. *See Ex parte Moss*, 446 S.W.3d at 788. We sustain the State's sole issue on appeal.

## III. CONCLUSION

We reverse the trial court's order granting Perez judicial clemency and render judgment ordering Perez's motion for judicial clemency dismissed for lack of jurisdiction.

GINA M. BENAVIDES,
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
7th day of July, 2016.

7