**AFFIRMED and Opinion Filed December 13, 2018**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00354-CR

**PRAKASH POORNAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No 7**
**Bexar County, Texas**
**Trial Court Cause No. 512034**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This is an appeal from a nunc pro tunc order signed by a Bexar County trial court removing language from a discharge order that granted Prakash Poornan judicial clemency. Appellant brings two issues contending the trial court erred in granting the State's request for a nunc pro tunc order and denying his request for an order to correct the clerk's record. We affirm the trial court's order.

On March 28, 2017, appellant pleaded guilty to the offense of "assault bodily injury – married." After hearing the evidence, the jury found appellant guilty as charged. Appellant was sentenced by the court to one year in jail, suspended, and placed on community supervision probation for one year.

On August 2, a status report for consideration of early discharge signed by appellant's supervision officer and his probation manager was filed in the trial court. The report showed

appellant had completed at least one-third of his probation term and had met the conditions of his community supervision. That same day, the trial court signed an order discharging appellant from his probation.

On August 24, appellant filed an "Amended Motion to Terminate Probation." No previous motion to terminate probation appears in the court's file. In the "amended" motion, appellant requested the court to amend the order terminating his probation to "include the language of Art. 42A.701(f) of the Texas Code of Criminal Procedure." The motion did not, however, state the specific language appellant sought to have included. In support of his request, appellant contended "the interest of [appellant] and of society will best be served by [appellant] being discharged from probation." Although the title of the motion and appellant's argument discussed only termination of probation, the prayer of the motion stated appellant was additionally seeking to withdraw his plea and have the information against him dismissed. The motion stated incorrectly that appellant had pleaded "no contest" rather than "guilty." Appellant submitted a proposed order along with the motion.

That same day, without conducting a hearing, the trial court signed the order submitted by appellant. In contrast to the argument made in the motion, the order stated appellant's interests, and the interests of society, would best be served not only by discharging appellant from further probation, but also by permitting him to withdraw his plea and dismissing the information against him. Like the motion, the order incorrectly stated appellant pleaded "no contest" to the charges against him. The order released and discharged appellant from "all penalties and disabilities resulting from the proceedings against him." This type of discharge is known as "judicial clemency." *See Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002).

Although not contained in the record on appeal, appellant states he filed a motion in January 2018 asking the trial court to issue a nunc pro tunc order directing the clerk to update the case

–2–

disposition status to reflect the court set aside the verdict against him rather than merely terminating his probation.[1] Two weeks later, the State filed both a motion to reconsider the ruling on appellant's amended motion to terminate probation and its own motion to enter a nunc pro tunc order. In both motions, the State argued the trial court's granting of judicial clemency appeared inadvertent rather than purposeful and asked the court to issue an order removing the clemency language.

In February, the trial court conducted a hearing on both the State's and appellant's motions for nunc pro tunc order. At the beginning of the hearing, the trial judge stated "[t]he intent of the court was to follow the rulings of the jury and that a guilty verdict was found. It was never the intent of the court for this case to be – an order to be signed for judicial clemency." Counsel for appellant argued that, because the order was signed more than thirty days earlier, the court no longer had plenary power to change the order in a way that affected appellant's substantive rights. The State responded it was simply asking the court to correct the order to reflect the court's true intent. The State pointed out that the title of the amended motion did not make it clear appellant was seeking judicial clemency and, in their experience before that court, the judge had never granted clemency. The court took the matter under advisement and ultimately signed the nunc pro tunc order requested by the State.

In his first issue on appeal, appellant contends the trial court had no authority to render a nunc pro tunc order removing the judicial clemency language from the discharge order. Appellant argues that, assuming clemency was granted in error, the error was judicial rather than clerical in nature and not subject to correction after the court's plenary power expired.

---

[1] Appellant attached a file-stamped copy of the motion to his brief on appeal, but we cannot consider attachments to briefs that are not part of the appellate record. *See Wilhoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App.—Dallas 2013, no pet.).

A trial court may order judicial clemency either upon or after a defendant is discharged from community supervision. *See State v. Perez*, 494 S.W.3d 901, 905 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). Clemency must be granted before the court's plenary jurisdiction expires thirty days after the discharge. *Id.*; *State v. Garfield-Bentsen*, No. 13-17-00611-CR, 2018 WL 3151742 at *2, (Tex. App.—Corpus Christi–Edinburg, June 28, 2018, pet. filed); *State v. Clarke*, No. 10-16-00354-CR, 2018 WL 1955086 at *2 (Tex. App.—Waco, April 25, 2018, pet. denied). In this case, the court's order purporting to grant appellant judicial clemency was signed twenty-two days after the discharge order and was within the trial court's plenary jurisdiction. The nunc pro tunc order, however, was signed in February 2018, about five months after the court's plenary power expired.

A trial court may render a nunc pro tunc order correcting errors after the expiration of its plenary power so long as the error being corrected is clerical, rather than judicial, in nature. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). "Clerical" errors are those to which no judicial reasoning contributed. *Id.* Appellant contends the court's removal of the clemency language from the discharge order is not the correction of a mere clerical error, but rather a substantive change in the court's ruling. Accordingly, appellant argues the error, if any, cannot be corrected by a nunc pro tunc order. We disagree. It's not the substance of the correction that controls whether a nunc pro tunc order may be rendered, but the nature of the error that prompted the correction.

The determination of whether an error is clerical or judicial in nature is a matter of law. *See Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012). The most important factor in making this determination is whether judicial reasoning was involved in the error. *See Towery v. State*, 262 S.W.3d 586, 594 (Tex. App.—Texarkana 2008, pet. ref'd). In *English v. State*, the Texas Court of Criminal Appeals addressed a factual scenario similar to the one at issue here. *See*

*English v. State*, 592 S.W.2d 949 (Tex. Crim. App. 1980). In that case, a visiting judge signed an order granting an amended motion for new trial. *Id*. at 955. The judge later attempted to set the order aside by writing on the bottom that it was "signed inadvertently and by mistake and the order was not intended to have any legal effect." *Id*.

At a hearing to establish the facts underlying the signing of the order, the visiting judge testified he signed the order by mistake when a group of papers was handed to him and he did not intend to grant the defendant a new trial. *Id*. No hearing was conducted on the motion for new trial and the judge was under the impression the form he signed pertained to a motion for leave to file an amended motion for new trial. *Id*. On these facts, the court of criminal appeals held the "error in this case does not strike us as judicial error," but "is more akin to clerical error, which can be corrected." *Id*. at 955–56. The court noted the trial court "did not knowingly grant the motion for new trial and then decide to retract its decision." *Id* at 955. The court further noted no hearing was held at which evidence was adduced from which the court could have knowingly granted the motion. *Id*. The court upheld the trial court's decision to set aside the order granting the defendant's motion for new trial. *Id*. at 956.

As in *English*, the trial judge here stated on the record that she did not intend to grant the relief requested by appellant's motion. Neither the title of the motion, which inaccurately states it is only a motion to terminate probation, nor the argument contained within the motion, would have focused the judge on the fact that clemency was being sought. Because the State failed to challenge the order until months after it was rendered, it is apparent the State also missed the import of appellant's motion and the resulting order. But no hearing was conducted that would have brought the clemency issue to either the trial judge's or the State's attention.

While the judge's statements on the record were not as detailed as those in *English*, they were sufficient to show she did not affirmatively and knowingly decide to grant clemency and then

changed her mind. No evidence was adduced that would have supported such a decision. The judge's stated intent was for the judgment in this case to be in accordance with the jury's verdict of guilt. The fact that the judge never directed the court clerk to change the disposition status of the case to indicate the jury's verdict had been set aside supports the conclusion that the order was signed by mistake. Because the record shows the trial court's error was a result of inadvertence rather than judicial reasoning, we conclude it was subject to correction by a nunc pro tunc order. *See Bilbro v. State*, No. 05-17-00120-CR, 2018 WL 525682 (Tex. App.—Dallas, Jan. 24, 2018, pet. ref'd) (trial court's inadvertent grant of motion is clerical error). We resolve appellant's first issue against him.

Based on our resolution of appellant's first issue, it is not necessary for us to address his second issue.

We affirm the trial court's order.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180354F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PRAKASH POORNAN, Appellant

No. 05-18-00354-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No 7, Bexar County, Texas
Trial Court Cause No. 512034.
Opinion delivered by Justice Francis.
Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered December 13, 2018.