

**NUMBER 13-18-00659-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**EX PARTE A.R.Z.**

**On appeal from the 197th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Benavides**

By two issues, appellant, the Texas Department of Public Safety (the Department), appeals an order expunging all files and records relating to appellee A.R.Z.'s offense of felony theft over $200, a third-degree felony. *See* TEX. PENAL CODE ANN. § 31.03 (Acts of 1975, 64th Leg., p. 914, ch. 342, Sec. 9, effective September 1, 1975). The Department argues that: (1) A.R.Z. is not entitled to expunction because he served a term of community supervision arising out of the arrest; and (2) the trial court's order of expunction is not supported by legally sufficient evidence. A.R.Z. also raises additional

issues for us to consider. He: (1) challenges this Court's jurisdiction because the original amount in controversy was less than $250.00; (2) asks this Court to revisit its previous decision regarding restricted appeals when the Department does not appear; (3) asks if a presidential pardon on a companion federal case entitled A.R.Z. to an expunction under article 55.01(a)(1)(B)(i) of the code of criminal procedure; and (4) asks whether he is entitled to an expunction because he received judicial clemency under article 42 of the code of criminal procedure because the trial court felt he was a "victim of circumstance."[1] We affirm.

## I.  BACKGROUND

A.R.Z. was indicted in 1976 for felony theft over $200 out of Duval County, Texas. *See id.* His theft case was subsequently transferred to Cameron County, Texas. A.R.Z. pleaded guilty to the offense as charged on June 6, 1977, and on June 17, 1977, he was sentenced to two years' imprisonment in the Texas Department of Corrections, with that sentence probated for a period of ten years, and was ordered to pay restitution in the amount of $8,805.00. On October 18, 1978, his probation was modified to include a credit of $5,000.00 paid to the United States District Court for the Southern District of Texas in cause number 75-C-45, a federal offense arising out of the same set of facts.[2]

On November 16, 1978, the trial court signed an order "Setting Aside Probation and Dismissing Cause," stating that on recommendation from the State that A.R.Z.'s probationary period be reduced to that date and terminated. Additionally, the order

---

[1] A.R.Z. did not file a separate notice of appeal, so he is not entitled to any relief on any issue he raises, other than jurisdiction. *See* TEX. R. APP. P. 25.1.

[2] According to evidence presented to the trial court, A.R.Z. was granted a presidential pardon from President Ronald Reagan for his federal case, following the grant of judicial clemency in this case.

allowed A.R.Z. to "withdraw his aforesaid plea of guilty to said original charge, and that said cause, accusation and indictment on which said charge is based be, and is hereby, dismissed; and that the said defendant herein be, and is hereby released from any and all penalties and disabilities resulting from the offense of which he was convicted."

## II.    JURISDICTION

A.R.Z. argues that this Court lacks jurisdiction over the Department's appeal because the underlying offense of felony theft fails to show an amount in controversy exceeding $250.00. *See* TEX. CIV. PRAC. & REM. CODE § 51.012. However, nothing in the expunction statute requires a theft amount in controversy to confer the court of appeals with jurisdiction in an expunction related appeal. Although it is true that an expunction proceeding is civil in nature, and the petitioner must show all of the statutory conditions have been met, this case was a felony level offense when A.R.Z. was charged with the theft and therefore, the district court had proper jurisdiction. *See Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *see also* TEX. PENAL CODE ANN. § 31.03. Therefore, we properly have jurisdiction because appellate courts have jurisdiction over district court appeals. *See* TEX. R. APP. P. 25.1. We overrule A.R.Z.'s first issue.

## III.    EXPUNCTION

By its first two issues, the Department argues that A.R.Z. was not entitled to an expunction. It alleges that: (1) A.R.Z. served a term of community supervision for the theft charge, therefore, rendering him ineligible for an expunction, and (2) that A.R.Z. failed to present legally sufficient evidence to support his petition for expunction.

3

### A.	Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc). A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *Id*. However, to the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo because the trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied).

### B.	Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have the opportunity to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). As previously stated, although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature, and it is the petitioner's burden to show that all the statutory conditions have been met. *Vega*, 510 S.W.3d at 548. And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id*. It is an abuse of discretion for the trial court to order an expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by

4

statute. *Id.*

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

(a)  A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

   (1)  the person is tried for the offense for which the person was arrested and is:

      (A)  acquitted by the trial court, except as provided by Subsection (c); or

      (B)  convicted and subsequently:

         (i)  pardoned for a reason other than that described by Subparagraph (ii); or

         (ii)  pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

   (2)  the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

      (A)  regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

         (i)  has not been presented against a person at any time following the arrest.

5

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1), (2).

**C.     Discussion**

**1.     Entitlement to Expunction**

A.R.Z. argues that he was entitled to an expunction based on dismissal under article 55.01(a)(1)(B)(ii). *See id.* art. 55.01(a)(1)(B)(ii). This case is different than a typical expunction contest. Here, ARZ was granted judicial clemency by the convicting trial court. Judicial clemency is within the trial court's sole discretion. *Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002). When a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge may

> set aside the verdict or permit the defendant to withdraw his plea. A judge acting under this subsection shall dismiss the accusation, complaint, information or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.

*Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 42A.701(f)); *State v. Perez*, 494 S.W.3d 901, 904 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

A.R.Z. was granted judicial clemency, not because he completed his term of community supervision successfully, but due to underlying facts that came out of his case. Based on A.R.Z.'s Exhibit C from the expunction hearing, it was apparent the trial court found A.R.Z. should be granted relief because it stated it felt A.R.Z. was a "victim of circumstances in all of the events leading up to the charges against him" and found him to fall under the "actual innocence" provision of the code. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(B)(ii). Therefore, we agree that A.R.Z.'s expunction was properly

6

granted under article 55.01(a)(1)(B)(ii). *See id.*

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have all records and files *relating to the arrest*" expunged if certain conditions are met. *See id.* art. 55.01(a). Where an arrest is made pursuant to a charge for a single offense and the person is acquitted or convicted and then pardoned pursuant to article 55.01(a)(1)(B), then article 55.01(a)(1) entitles the person to expunction of all records and files relating to the arrest. *State v. T.S.N.*, 547 S.W.3d 617, 621 (Tex. 2018). We overrule the Department's first issue.

### 2.     Evidence was Legally Sufficient

By its second issue, the Department argues that A.R.Z. failed to show legally sufficient evidence that his arrest did not result in community supervision. However, A.R.Z. did testify at the expunction hearing and stated that the allegations against him involved other family members of his that were involved in the county government. A.R.Z. also entered exhibits into evidence during the hearing to support his testimony.

We previously determined that A.R.Z. was entitled to an expunction because he was granted judicial clemency and fell under the "actual innocence" provision. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(B)(ii)*.* Therefore, his community supervision status was not applicable to the provision of the code of criminal procedure that his expunction was granted under, and the evidence presented to the trial court was legally sufficient to support his expunction under article 55.01(a)(1)(B)(ii). *See id.* We overrule the Department's second issue.

## IV.  CONCLUSION

We affirm the trial court's order granting A.R.Z.'s expunction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of April, 2020.